IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



ROY BRYANT, aka ROY LEE BRYANT, §
and R.L. or R. L. BRYANT,[1] §
 §
          Petitioner, §
 §
v. § No. 4:18-CV-778-A
 §
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
          Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

This is an application for an alternative writ pursuant to 28 U.S.C. §§ 1651 and 2241 filed by petitioner, Roy Bryant, a state prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), against Lorie Davis, Director of TDCJ, respondent. After having considered the pleadings, state court records in petitioner's previous habeas actions, and relief sought by petitioner, the court has concluded that the petition is an unauthorized successive petition under 28 U.S.C. § 2254 and should be summarily dismissed as an abuse of the writ.

---

[1] Petitioner has filed prior federal habeas petitions in this court challenging the same conviction under the name of R.L. or R. L. Bryant and Roy Lee Bryant; thus, the clerk of court is directed to designate that petitioner is also known as Roy Lee Bryant and R.L. or R. L. Bryant in the event of future filings by petitioner.

## I. Factual and Procedural History

On March 22, 1983, in the 29th Judicial District Court, Palo Pinto County, Texas, Case No. 7887, a jury found petitioner guilty of aggravated robbery with a deadly weapon and sentenced him to life imprisonment. Petitioner has filed multiple state habeas-corpus applications challenging the 1983 conviction and is conditionally prohibited from filing future applications in state court for abuse of the writ.[2] Petitioner has also filed four prior federal habeas-corpus petitions under 28 U.S.C. § 2254 in this court challenging the same conviction under various versions of his name. (Pet., Bryant v. Lynaugh, No. 4:90-CV-053-EBM (consolidated with No. 4:90-CV-085) (denied on remand), doc. 1; Pet., Bryant v. Thaler, No. 4:12-CV-080-A (dismissed as an unauthorized successive petition), doc. 1; Pet., Bryant v. Davis, No. 4:17-CV-117-A (dismissed as an unauthorized successive petition), doc. 1.)

## II. Basis for Relief

In an attempt to avoid the successive-petition bar for § 2254 petitions under 28 U.S.C. § 2244(b), petitioner asserts that he seeks this alternative writ under 28 U.S.C. §§ 1651 and 2241. (Pet. 1-4, doc. 1.) However, §§ 1651 (the All Writs Act) and 2241 do not offer alternative avenues of pursuing federal habeas

---

[2]The court takes judicial notice of the pleadings and state court records filed in petitioner's previous federal habeas actions.

2

relief by state prisoners in custody pursuant to the judgment of a state court. Well-established principles of statutory construction provide that when multiple statutes cover the same situation, the more specific statute should prevail and its constructs should apply over the more general statute(s). *See Edmond v. United States,* 520 U.S. 651, 657 (1997).

"The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Pennsylvania Bureau of Correction v. United States Marshals Service,* 474 U.S. 34, 43 (1985). Thus, petitioner cannot use § 1651 to escape the statutory restrictions of § 2254. *See Owens v. Boyd,* 235 F.3d 356, 360 (7th Cir. 2000).

On the other hand, § 2241 is a general grant of jurisdiction to issue a writ of habeas corpus. However, "[a]uthority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'" *Felker v. Turpin,* 518 U.S. 651, 662 (1996). So while § 2241 does grant authority to district courts to consider state court prisoner's habeas claims, that authority is subject to the restrictions and limitations found in the more specific statutory provisions of § 2254 in cases where the person is in custody

3

pursuant to a state court judgment. *Id.* at 662. Since petitioner is in custody pursuant to a state court conviction and judgment, he cannot use § 2241 to escape the statutory restrictions of § 2254.

Accordingly, this court may, and should, recharacterize petitioner's federal application as a petition seeking relief under 28 U.S.C. § 2254.[3] *See Propes v. Dist. Attorney Office*, 445 Fed. App'x 766, 767, 2011 WL 4931371, at *1 (5th Cir. Oct. 18, 2011).

### III. Successive Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[4] The Fifth

---

[3]To the extent petitioner claims that application of the requirements applicable to § 2254 petitions effectively deprives him of "a forum for adjudication," in violation of the suspension clause, the claim is frivolous. (Pet. 3, doc. 1.) *See Turpin*, 518 U.S. at 664. To the extent he claims that application of the requirements applicable to § 2254 petitions violates his rights under other constitutional provisions, the claims are inadequately briefed and are not addressed. (Id. at 4.)

[4]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it*

4

Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

To the extent petitioner attempts to file another habeas petition pursuant to § 2254 challenging his 1983 conviction raising claims that were or could have been raised in his prior petition(s), the petition is successive. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). To the extent he attempts to file another habeas petition pursuant to § 2254 challenging his 1983 conviction presenting alleged "newly discovered evidence" in support of a prior claim(s), the petition is successive. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005). And, finally, to the extent he attempts to file another § 2254 petition challenging his 1983 conviction based on actual innocence, the petition is successive. *See In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009). Petitioner is well aware of the requirement that he must obtain authorization from the Fifth Circuit Court of Appeals to file a successive petition as previously instructed by this court. 28 U.S.C. § 2244(b)(3)(A). Because has failed to obtain such

---

> *plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

authorization, the petition is an unauthorized successive petition under § 2254 and should be dismissed as an abuse of the writ.

### IV. Sanction Imposed

Due to petitioner's frivolous and repetitive pleadings filed in this court challenging the same 1983 aggravated robbery conviction, which have taken up a disproportionate amount of the court's time and resources, it is ORDERED that he pay a monetary sanction of **$100** to the clerk of this court. It is further ORDERED that petitioner is **BARRED** from filing any future pleadings or motions (however they are styled) challenging his 1983 conviction until the sanction is paid in full unless he first obtains leave of the court in which he seeks to file his pleading or motion.

For the reasons discussed herein,

It is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as an abuse of the writ. It is further ORDERED that all pending motions and a certificate of appealability be, and are hereby, denied.

SIGNED September 25, 2018.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE